IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS MICHAEL LEWIS, ET AL.,

    Plaintiffs,                                                  05cv1336

v.                                                       **ELECTRONICALLY FILED**

TRUSTEE CHARLES O. ZEBLEY,

    Defendant.

## **Memorandum Order**

Plaintiffs (Debtors), who are husband and wife, appeal from a final order of the bankruptcy court determining that they could not exempt in excess of fifty percent of the value certain real property, but rather, for exemption purposes the value of the property must be equally allocated between the debtors because of their spousal relationship. After careful consideration, this Court affirms the order of the bankruptcy court.

Plaintiffs filed a Chapter 7 bankruptcy on March 22, 2005 and a trustee was thereafter appointed. At the time of filing, plaintiffs owned a 6.5 acre parcel of real estate which they valued at $3,000.00. According to 11 U.S.C. § 522(d)(5), either debtor may exempt $10,225.00 in assets of their choosing. Instead of each plaintiff exempting one-half the declared value of the entireties property, they chose to "allocate" the entire declared value to the interest of wife plaintiff and zero value to the interest of husband plaintiff. The trustee objected to this exemption and argued before the bankruptcy court that this amount should be allocated equally between the debtors, such that each debtor can take an exemption in at most only fifty percent of the property. By order of court dated June 29, 2005, the bankruptcy court held that because husband and wife were tenants by the entireties, which is a form of joint tenancy based upon the

common law fiction that the husband and wife are a single entity, that they may not "allocate" all the value of entities property to one spouse and none of the value to the other. In support of its ruling, the bankruptcy court cited *In re Brannon*, a decision by the bankruptcy court which was recently affirmed by United Stated District Court Judge Terrence McVerry in *Brannon v. Rothschild* (W.D.Pa. September 15, 2005, Docket No. 05-cv-00948)(unpublished).

This Court, sitting as an appellate tribunal, applies a clearly erroneous standard of review on the bankruptcy court's factual findings and a *de novo* standard of review on its conclusions of law. *In re Sicilano*, 13 F.3d 748, 750 (3d Cir. 1994). Plaintiffs, in this case, appeal the bankruptcy court's conclusion of law, and accordingly, this Court employs a *de novo* standard of review.

Plaintiffs argue that wife plaintiff may exempt the sum of $3,000.00 and the trustee argues that wife plaintiff may exempt only $1,500.00 as tenants by the entireties. After reviewing the order of United States Bankruptcy Judge Bernard Markovitz sustaining the trustee's objections to the exemption, along with the briefs of appellants and appellee in this case, this Court finds and rules that the reasoning and conclusion of Judge Markovitz is sound and that arguments raised by the appellee are compelling. Accordingly, this Court affirms and adopts the decision of Judge Markovitz on this issue. Further, as stated above, this Court notes that the issue of whether a claimed exemption must be equally allocated between a husband and wife was recently considered and resolved in favor of the trustee in *Brannon v. Rothschild*. This Court finds that result to be instructive here.

**AND NOW, this 4th day of November, 2005**, this Court hereby affirms the June 29, 2005 Order of Bankruptcy Judge Markovitz and hereby dismisses the debtors' appeal. The Clerk of Court shall mark this case closed.

                                                                 **s/Arthur J. Schwab**
                                                                 **Arthur J. Schwab**
                                                                 **United States District Judge**

cc:    All counsel of record as listed below

United States Bankruptcy Court
Western District of Pennsylvania

Paul W. Johnson, Esquire
420 Temple Building
New Castle, PA 16101

Charles O. Zebley
P.O. Box 2123
Uniontown, PA 15401